UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MATHERNE FAMILY PROPERTIES, LLC | * * * | CIVIL ACTION NO. |
| VERSUS | * * | SECTION: |
| TRAVELERS INSURANCE COMPANY | * * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant, Travelers Property Casualty Company of America, improperly identified as "Travelers Insurance Company" ("Travelers"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the above-captioned action, *Matherne Family Properties, LLC versus Travelers Insurance Company*, Civil Action No. 580-215, on the docket of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. In support of its Notice of Removal, Travelers respectfully represents the following:

1.

On July 9, 2009, plaintiff, Matherne Family Properties, LLC ("Plaintiff"), commenced the captioned action by filing a Petition for Damages (the "Petition") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

2.

Plaintiffs served Travelers through the Louisiana Secretary of State on or about July 16, 2009.

3.

The Petition does not specify the amount of recovery sought by Plaintiffs against Travelers or specify that the amount in controversy exceeds $75,000. Consequently, the case stated by the initial pleading was not removable.

4.

On or about November 17, 2009, Travelers received written Answers to Interrogatories and Responses to Requests for Production which indicate for the first time that the Plaintiff's claimed damages exceed $75,000.

5.

This action is now removable on the grounds of diversity jurisdiction, pursuant 28 U.S.C. §§ 1332 and 1441(a).

**PARTIES**

6.

Travelers is an insurance company that is organized under the laws of Connecticut and has its principal place of business in Connecticut.

7.

The Petition alleges that Plaintiff, Matherne Family Properties, LLC, is a Louisiana Limited Liability Company, authorized to do and doing business in the City of Baton Rouge, East Baton Rouge Parish, State of Louisiana. Pet. at ¶Introductory Paragraph. Upon information and belief, and based upon these allegations, Plaintiff is a resident of the State of Louisiana.

## PETITIONER'S ALLEGATIONS

8.

The Petition alleges that Travelers issued a policy of insurance to Plaintiffs that provided property coverage for Plaintiff's commercial buildings. Pet. at ¶2 and 3.

9.

Plaintiff further allege that Hurricane Gustav caused damage to the insured premises and that Plaintiff submitted a "proof of claim" for damages to the insured premises to Travelers. Pet. at ¶6 and 7.

10.

According to Plaintiffs, the insurance policy issued by Travelers provides coverage for their losses. Pet. at ¶8 and 9.

11.

Plaintiffs also allege that Travelers violated Louisiana's "bad faith" statutes R.S. 22:1892 (formerly R.S. 22:658) and/or R.S. 22:1220 – by failing pay undisputed amounts of the Plaintiff's claim and is, therefore, liable to Plaintiffs for damages, statutory penalties, interest and attorney's fees. Pet. at ¶20.

12.

The Petition does not plead a specific amount of money damages.

13.

Travelers does not admit the underlying facts as alleged by Plaintiffs, or as summarized above. Further, Travelers expressly denies that it has any liability to Plaintiff.

## DIVERSITY JURISDICTION

14.

1.      This is a civil action over which this court currently has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which is removable to this Court pursuant to 28 U.S.C. § 1441(a), in that there is complete diversity of citizenship between Plaintiff, a Louisiana citizen, and Travelers is organized under the laws of Connecticut, with its principal place of business in Connecticut..

15.

The Plaintiff's original Petition did not specify the amount of damages sought. Accordingly, Travelers propounded discovery on October 26, 2009, in an attempt to determine the amount of Plaintiff's claimed damages. On or about November 17, 2009, Travelers received Answers to Interrogatories and Requests for Production from Plaintiffs.

16.

The Plaintiffs' discovery responses reveal (1) that Plaintiffs are claiming that $32,997.54 in alleged damages have been quantified to date as due and owing on the Plaintiffs' contractual claim, but reserving its right to supplement the interrogatory response to include additional amounts; and (2) that the actual cash value and replacement cost of property damaged or destroyed as a result of Hurricane Gustav is "$1.5 Million for 8282 Siegen Lane, Baton Rouge, Louisiana; $1.5 Million for 8180 Siegen Lane, Baton Rouge, Louisiana." *See* Plaintiffs' Answers to Interrogatories and November 16, 2009 letter, are attached as Exhibit "1."

17.

Additionally, as reflected in the Petition, Plaintiffs are claiming that Travelers is also liable for penalties and attorney's fees under R.S. 22:1892 (formerly R.S. 22:658) and/or R.S.

22:1220. Pet. at ¶20. Accordingly, the "amount in controversy" in this litigation exceeds $75,000 based upon Plaintiff's discovery responses and allegations under R.S. 22:1892 (formerly R.S. 22:658) and/or R.S. 22:1220. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) ("[I]tems to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages . . . ."); *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) ("When a statutory cause of action entitles a party to receive attorneys' fees, the amount in controversy includes those fees.").

17.

Travelers is hereby removing this case within thirty days from November 17, 2009, the date it first received an "other paper" from which it could ascertain that the amount in controversy exceeds $75,000. Therefore, removal jurisdiction is appropriate and timely. 28 U.S.C. § 1446 (b); *Chapman v. Powermatic, Inc.,* 969 F.2d 160 (5th Cir. 1992) (where initial pleading does not affirmatively reveal on its face that plaintiff is seeking damages in excess of the minimum jurisdictional amount, defendant may remove action within thirty days of receipt of "other paper" served after initial pleading that states amount sought exceeds jurisdictional minimum).

## **REMOVAL PROCEDURE**

18.

A copy of this Notice of Removal is being served upon all known counsel of record. A copy of the Notice to the Clerk of Court for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, which has been filed in that Court.

19.

A copy of all process, pleadings and orders served upon Travelers in the state court action are attached hereto as Exhibit "2."

WHEREFORE, Defendant, Travelers hereby provides notice that this action is duly removed.

>Respectfully submitted,
>
>*/s/ Seth A. Schmeeckle*
>Seth A. Schmeeckle, T.A., La. Bar #27076
>Rachel A. Meese La. Bar #25457
>Ralph S. Hubbard III, La. Bar. # 7040
>LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
>601 Poydras Street, Suite 2775
>New Orleans, Louisiana 70130
>Telephone: (504) 568-1990
>Facsimile: (504) 310-9195
>**Attorneys for Travelers Property Casualty Company of America**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid, this 15th day of December, 2009.

>*/s/ Seth A. Schmeeckle*
>Seth A. Schmeeckle