**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**MATHERNE FAMILY PROPERTIES, LLC**              **CIVIL ACTION**

**VERSUS**

**TRAVELERS INSURANCE COMPANY**                  **NO. 09-1051-C-M2**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within fourteen (14) days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 14, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MATHERNE FAMILY PROPERTIES, LLC**                                **CIVIL ACTION**

**VERSUS**

**TRAVELERS INSURANCE COMPANY**                                **NO. 09-1051-C-M2**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Remand Pursuant to 28 U.S.C. §1447 (R. Doc. 4) filed by plaintiff, Matherne Family Properties, LLC ("Matherne"), and the related Joint Stipulation (R. Doc. 6) filed by Matherne and defendant, Travelers Property Casualty Company of America ("Travelers"). In the Joint Stipulation, both parties to this matter stipulate that the total damages sought by Matherne in this suit for "all elements of damage does not exceed the sum of $75,000, including exemplary and punitive damages, penalties, and attorney's fees, but exclusive of interest and costs." The stipulation further provides that Matherne "will not seek or accept any damages, recovery and/or award that may be rendered in the above-captioned matter in excess of $75,000." Finally, in the stipulation, Matherne expressly "renounces any judgment in excess of $75,000, exclusive of interest and costs, which might be rendered in its favor." Such a stipulation, affirmatively renouncing one's right to damages in excess of the jurisdictional minimum, has been recognized as valid and binding.[1]

---

[1] For a stipulation to be binding and warrant remand to state court, the plaintiff must do more than simply allege that the amount in controversy or the amount of damages suffered does not exceed $74,999.00. *See, Engstrom*, at *4 (E.D.La. 2004), citing *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) and *Turkish v. St. Paul Fire & Marine Insurance Co.*, 2003 WL 22434222 (E.D. La. 2003). The plaintiff must expressly deny that he/she will accept more than $75,000.00 if the state court awards in excess of that amount. *Id.* (plaintiffs' allegations

Furthermore, the Court has reviewed the facts and evidence in the record and agrees with the parties that the amount in controversy does not appear to meet the minimum amount required for diversity jurisdiction. Accordingly, the Court finds that Matherne's motion to remand should be granted.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand Pursuant to 28 U.S.C. §1447 (R. Doc. 4) filed by plaintiff, Matherne Family Properties, LLC, should be **GRANTED**, and this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, January 14, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

in their state court petition were held to constitute a binding stipulation because they "affirmatively and knowingly waive[d] entitlement to any damages in excess of $74,999 . . . after having been advised that their waiver was binding and effective and that under no circumstances could a Louisiana state court award them more"); *Zeno*, at *3 (Plaintiff explicitly stated in the state court petition that the total value in controversy did not exceed $75,000, that neither she nor her counsel "will accept an amount that exceeds $75,000, exclusive of interests and costs," that her recovery "is limited to [an] amount less than $75,000, exclusive of interest and costs," and that she would not amend her petition in the future to seek damages greater than $75,000. The Eastern District found that such allegations were binding and sufficient to prove, to a legal certainty, that the plaintiff would not recover in excess of the federal jurisdictional minimum because, through her allegations, the plaintiff had affirmatively renounced her right to recover in excess of $75,000. The Eastern District specifically noted that such case was not a situation where the plaintiff had only stated in the petition that her damages did not exceed $75,000, without stating whether she would accept more than $75,000 in the event the state court was to award that amount); *In re 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009)(Distinguishing *Engstrom* on the ground that the plaintiffs in *Exxon* "merely alleged that the amount in controversy did not exceed the jurisdictional amount; they did not deny that they would *accept* more than $50,000").